UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No. 8:22-cr-392-TPB-AAS

HASSAN ZARIF,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS

This matter is before the Court on the following motions, filed on December 23, 2022:

> "Defendant's: Motion to Dismiss Count One for Improper Venue" (Doc. 24);
>
> "Defendant's Motion to Strike 'In the Middle District of Florida' in Count One" (Doc. 27)
>
> "Defendant's: Motion to Dismiss Count One for Lack of Jurisdiction" (Doc. 28); and
>
> "Defendant's First Amended Motion to Dismiss Count One for Lack of Jurisdiction" (Doc. 29).

On January 27, 2023, the United States filed a combined response in opposition. (Doc. 38). Upon review of the motions, response, court file, and the record, the Court finds as follows:

## Background

Defendant Hassan Zarif has been charged with knowingly receiving a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count One) and traveling with the intent to engage in illicit

sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count Two). According to the allegations of the complaint, Defendant – a 31-year-old Canadian citizen – engaged in a sexual online relationship with a 15-year-old child living in the Middle District of Florida, engaging in over 150 phone calls during a four-month period, while also communicating through text messages, Facetime, Discord, Snapchat, and other applications. The complaint alleges that Defendant met with the victim three times in the Middle District of Florida, where he committed a lewd and lascivious battery. The complaint also alleges that Defendant sent sexually explicit videos of himself to the victim, and that he received sexually explicit images that could be considered child pornography. Defendant moves to dismiss Count One due to lack of subject matter jurisdiction and improper venue.

*Subject Matter Jurisdiction and Extraterritoriality*

Defendant appears to argue that the Court lacks subject matter jurisdiction because the statute at issue does not apply extraterritorially to his conduct in Canada.

Section 2252(a) is part of a comprehensive statutory scheme to eradicate the sexual exploitation of children. Among other things, the statute prohibits a person from knowingly receiving any depiction of minors engaging in sexually explicit conduct in a manner that affects interstate or foreign commerce. 18 U.S.C. § 2252. Because the statute prohibits an individual from receiving child pornography that was mailed, shipped, or transported "in interstate or foreign commerce," Congress plainly intended the statute to apply extraterritorially. *See, e.g., Pasquatino v. United States*, 544 U.S. 349, 371-72 (2005); *United States v. Frank*, 599 F.3d 1221, 1230-31 (11th Cir. 2010).

The Ninth Circuit Court of Appeal has held that the exercise of subject matter

jurisdiction was proper based on the interplay of 18 U.S.C. § 2252(a), the substantive law under which that defendant was indicted, and 18 U.S.C. § 3237(a), a venue provision of general applicability. In that case, the defendant was accused of depositing mail – containing child pornography – intended for delivery to the United States. The Ninth Circuit concluded that the defendant's deposit of letters in Greece resulted in acts within the territory of the United States when the mail entered and traveled throughout the United States. *See United States v. Moncini*, 882 F.2d 401, 404 (9th Cir. 1989). Although the situation here is reversed – that is, the victim (in the United States) sent communications constituting child pornography to Defendant (in Canada), the same analysis applies considering that acts occurred within the United States as the communications were mailed from and through the United States. Therefore, the motions are denied as to this ground.

*Venue*

Defendant also appears to argue that the indictment should be dismissed for improper venue. The thrust of Defendant's argument appears to be that none of the essential parts of the alleged offenses occurred in the Middle District of Florida. The Government contends that venue is proper because Defendant received child pornography from the minor victim who resides in the Middle District of Florida.

"If a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (citing *United States v. Snipes*, 611 F.3d 855, 866-67 (11th Cir. 2010)). In this case, the indictment alleges that the offense charged in

Count One took place "*in the Middle District of Florida* and elsewhere" (emphasis added). (Doc. 7). Taking these allegations as true, as the Court must for purposes of these motions, the Government has alleged a sufficient basis for venue in the Middle District of Florida, and Defendant's pretrial challenge to venue must be denied.

Of course, at the conclusion of the Government's case, Defendant may move for an acquittal if he believes the Government has failed to meet its burden of proving venue. The Court notes, however, that a challenge on this ground is unlikely to succeed. The receipt of child pornography through interstate or foreign commerce is a continuing offense. *See* 18 U.S.C. § 3237(a). The Eleventh Circuit Court of Appeal has held that venue was proper in the Northern District of Georgia where the defendant was accused of producing and distributing child pornography, including digital photographs, including mailing the materials from Greece to Georgia.[1] *See, e.g.*, *United States v. Kapordelis*, 569 F.3d 1291, 1307 (11th Cir. 2009). As the Eleventh Circuit explained, "[i]n such instances, venue is proper in any district in which the offense was started, continued, or completed." *Id*. Although the factual circumstances are reversed here, a similar analysis applies. The child pornography here – created and mailed in the United States and intended for delivery in Canada – resulted in acts within the territory of the United States that support both jurisdiction and venue. The motions are denied as to this ground.

---

[1] Similarly, as the Court previously noted, the Ninth Circuit Court of Appeal has held that the exercise of subject matter jurisdiction was proper based on the interplay of 18 U.S.C. § 2252(a), the substantive law under which that defendant was indicted, and 18 U.S.C. § 3237(a), a venue provision of general applicability. *See Moncini*, 882 F.2d at 404. The Ninth Circuit concluded that the defendant's deposit of letters in Greece resulted in acts within the territory of the United States when the mail entered and traveled throughout the United States. *See id*.

*"In the Middle District of Florida"*

Defendant moves to strike "in the Middle District of Florida" from Count One. Here, the indictment includes that the events occurred "in the Middle District of Florida, and elsewhere." As previously noted, this case involves allegations that the child pornography at issue originated in the Middle District of Florida and was mailed to Defendant in Canada.

The language of the indictment tracks the language of the statute and is not improper, and there is no legitimate basis to strike this language. Accordingly, the motion is denied as to this ground.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of April, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**